IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOHNNY OLDCHIEF, | CV 18-00092-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KEN BIRDRATTLER, ISIA WEBER, THE STATE OF MONTANA, and UNITED STATES OF AMERICA, | |
| Defendants. | |
| MAYNARD OLDCHIEF, | CV 18-00094-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KEN BIRDRATTLER, ISIA WEBER, THE STATE OF MONTANA, and UNITED STATES OF AMERICA, | |
| Defendants. | |

Plaintiffs Johnny OldChief and Maynard OldChief filed a Complaint alleging they were falsely arrested on July 16, 2017.  As this Court does not allow pro se prisoner plaintiffs to proceed in a single action together, the cases are severed.  The motions to proceed in forma pauperis will be granted but Plaintiffs' claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477

1

(1994).  These matters should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Because they are incarcerated, Plaintiffs must pay the statutory filing fee of

$350.00.  28 U.S.C. § 1915(b)(1).  The initial partial filing fees will be waived and

Plaintiffs may proceed with their own case.  *See Bruce v. Samuels*, 136 S.Ct 627,

629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no

means to pay it, § 1915(b)(4)").  Plaintiffs will be required to pay the fee in

installments and make monthly payments of 20% of the preceding month's income

credited to their prison trust accounts.  The percentage is set by statute and cannot

be altered.  28 U.S.C. § 1915(b)(2).  Plaintiffs must make these monthly filing-fee

payments simultaneously with the payments required in any other cases he has

filed.  *Id.*  By separate order, the Court will direct the facility where Plaintiffs are

held to forward payments from Plaintiffs' accounts to the Clerk of Court each time

the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

1915(b)(2).

## II.  ALLEGATIONS

Plaintiffs allege Defendants Ken BirdRattler and Isia Weber conducted an

warrantless arrest, used excessive force, entered private property without probable

cause, falsely arrested Plaintiffs, and prepared a false incident report which caused

2

Plaintiffs to face lengthy sentences had they elected to proceed to a jury trial,
compelling both to enter a plea agreement.  (Complaint, Doc. 1 at 1-2.)

## III.  SEVERANCE

Plaintiffs will be required to proceed separately on their own claims.  Rule
21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its
own, the court may at any time, on just terms, add or drop a party  . . .  [or] sever
any claim against a party."  Fed. R. Civ. P. 21.  Courts have broad discretion
regarding severance.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir.
2000).

Courts disagree as to whether it is permissible for multiple pro se prisoner-
plaintiffs to join their claims together in one action or whether each plaintiff must
pursue a separate action.  The Ninth Circuit has not addressed the issue.  The
Third and Seventh Circuits have allowed multiple prisoner-plaintiffs to proceed
together under Rule 20 of the Federal Rules of Civil Procedure's permissive
joinder rule.  *See Hagan v. Rogers*, 570 F.3d 146, 152–57 (3rd Cir. 2009);
*Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).  The Eleventh Circuit in
*Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001), however, precluded
multiple-prisoner plaintiffs from proceeding under Rule 20.  *See Hubbard*, 262
F.3d at 1198.

3

Finding the reasoning of the *Hubbard* case more persuasive, it has been the practice in this District to not allow multiple pro se prisoner-plaintiffs to proceed together in a single action. *See, e.g.,* United States Magistrate Judge Carolyn Ostby's Orders in *Brown v. Schweitzer, et al.*, CV-05-28-H-DWM-CSO (D.Mont. June 9, 2005); *Swenson v. MacDonald*, No. CV 05-93-GF-SEH-CSO (D. Mont. Jan. 30, 2006); and the undersigned's Order in *Worm v. Berkebile, et al.*, No. CV 15-00031-GF-BMM-JTJ (D. Mont. June 16, 2015) and *Allison v. Parole Board Director, et al.*, No. CV 17-00006-H-DMM-JTJ (D. Mont. December 12, 2016).

There are several reasons for this practice. First, 28 U.S.C. § 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." The Court in *Hubbard* reasoned that the permissive joinder rule in Rule 20 of the Federal Rules of Civil Procedure "actually conflicts" with the PLRA's requirement that prisoner-plaintiffs pay the full filing fee. The court concluded that, in the context of prisoner cases, the latter-enacted statute, 28 U.S.C. § 1915(b)(1), repeals the earlier-enacted rule. Consequently, the Eleventh Circuit precluded multiple prisoner-plaintiffs from proceeding under Rule 20. *See Hubbard*, 262 F.3d at 1198; *c.f. Hagan*, 570 F.3d at 155 (having each joined IFP litigant to pay a full filing fee by installment harmonizes the PLRA with Rule 20 and § 1915(b)).

Despite the contrary authority in *Hagan*, this Court believes that *Hubbard* presents the stronger argument. Rule 20 is a permissive rule – plaintiffs may join their claims in one action – while the financial scheme of the PLRA is mandatory in nature. Prisoner-plaintiffs must pay the full filing fee, even if they are granted leave to proceed in forma pauperis, but each prisoner-plaintiff in a multiple-plaintiff action cannot be made to do so without running afoul of § 1915(b)(3)'s imperative that the amount of the fee collected must not exceed the fee imposed for "commencement of a civil action." If multiple prisoner-plaintiffs proceed together in one action and each pays the full filing fee, the amount of the fees collected in that action will exceed the amount permitted by statute for the commencement of a civil action. If each plaintiff is required to pursue their case alone, the amount of the fees collected in each action will never exceed the amount permitted by statute for the commencement of a civil action.

The second reason for not allowing multiple pro se prisoners to proceed together in one action is based upon Rule 11 of the Federal Rules of Civil Procedure which provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11.  A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally.  Rule 11 requires all unrepresented plaintiffs to sign the complaint, and the signature conveys all the representations specified by Rule 11(b) for the entire complaint.  Yet a pro se litigant has no authority to make assertions on behalf of anyone else; only an attorney may do that.  To suggest that a pro se prisoner-plaintiff can be penalized under Rule 11 for, say, inaccurate factual statements made by another prisoner-plaintiff is to suggest that each plaintiff acts for the others in some way.

A Rule 11 sanction would be inappropriate if assessed against a pro se

prisoner-plaintiff who could not conduct a reasonable investigation into the truth of a co-plaintiff's allegations.  Generally the only investigation a prisoner could conceivably accomplish is questioning co-plaintiffs regarding what happened. Prisoners do not have unencumbered opportunities to question witnesses, who are most frequently officers or staff with considerable authority over the investigating plaintiff.  It would be unduly harsh to sanction one prisoner if another prisoner inaccurately states the basis of his claims.

Third, there is a concern regarding the issuance of strikes pursuant to 28 U.S.C. § 1915(g).  This statute limits to three the number of complaints or appeals filed in forma pauperis that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" (the so called "three strikes rule").  This language refers to the complaint or appeal as a whole; thus when a complaint or appeal is found to be "frivolous, malicious, or fails to state a claim upon which relief may be granted," all plaintiffs would incur strikes. The statute does not impose strikes on a per-claim basis but on a per-case basis. *See* 28 U.S.C. § 1915(g) (requiring district court to impose a strike when an "action" is frivolous, malicious, or fails to state a claim).  Consequently, if all pro se prisoner-plaintiffs in joint litigation are deemed to act as one, Rule 20 actually limits a frivolous claimant's exposure under § 1915(g) if his claims are joined with

others that may be meritorious.  A pro se prisoner-plaintiff litigating alone receives a strike if he earns it; the same plaintiff litigating jointly might avoid a strike because someone else did not earn it.

Fourth, there are a number of practical difficulties of joint litigation among pro se plaintiffs.  Inmates litigating together have no guarantee that they will all remain at the same prison or in the same area of a prison during the course of the lawsuit.  In addition, pro se prisoner-plaintiffs in a multiple-plaintiff case would be required to serve every other pro se prisoner-plaintiff as well as any defendants with every document filed.  Fed. R. Civ. P. 5.  Finally, every time a document needed to be filed it would need to be circulated among all plaintiffs for signing. Neither the Court nor any litigant would have any way of knowing whether a later signing plaintiff altered the document in some way.

Therefore, Plaintiffs' claims shall be severed.  Plaintiffs shall be solely responsible for prosecuting their own actions.

## IV.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Because Plaintiffs are prisoners proceeding in forma pauperis, the Court must review the Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

8

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556;

9

*Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

10

than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

justice").

### B.  Analysis

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme

Court held that "in order to recover damages for an allegedly unconstitutional

conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been reversed on direct appeal," or

otherwise declared invalid, called into question by the issuance of a habeas writ, or

expunged.  *Id.* at 486-487.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the
> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated.  But if the district court determines that the
> plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff,
> the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

Although not indicated in the Complaint, the attachments thereto clearly

provide that the incident at issue occurred on July 16, 2017.  (Doc. 1-1 at 2.)  That

11

incident provided the basis upon which Plaintiffs' federal supervised release was

revoked.  According to a July 19, 2017 Petition for Warrant for Offender Under

Supervision, Plaintiffs were charged with assault, resisting arrest, and obstructing

justice on July 16, 2017.  The charges arose as follows:

> The above stated charges stem from an incident involving the
> defendant, his brother/co-defendant (Johnny Old Chief), and
> Blackfeet Law Enforcement. Blackfeet Police responded to a service
> call at the defendant's residence. The officer attempted to make
> contact with Johnny Old Chief to ensure everyone's well-being. A
> fight ensued involving the officer and Johnny inside the defendant's
> residence. When the defendant realized the altercation was occurring
> in the house, he assisted his brother. Police reports reflect the
> defendant closed the front door, trapping the officer inside the house.
> The defendant attacked the officer from the back and placed his arm
> around the officer's neck, attempting to choke the officer. The officer
> fought with the two men until a back-up officer arrived and was able
> to break the officer free from the defendant and his brother. Once the
> officer was free, the defendant grabbed a chair and began to swing it
> towards the officers. The officer deployed his Taser to incapacitate
> the defendant and apprehend both of the men.

(Petition for Warrant for Offender Under Supervision, *United States v. Old Chief*,

Criminal Action No. 08-cr-27-GF-BMM, Docs. 115, 117.)[1]  A final revocation

hearing was held before this Court on August 24, 2017 at which both Plaintiffs

---

[1]The court may take judicial notice pursuant to Federal Rule of Evidence 201
of matters of public record. *See U.S. v. 14.02 Acres of Land*, 530 F.3d 883, 894 (9th
Cir. 2008). Thus, this court may take judicial notice of its own records. *Chandler v.
U.S.*, 378 F.2d 906, 909 (9th Cir. 1967); *United States v. Wilson*, 631 F.2d 118, 119
(9th Cir. 1980).

admitted to the violations set forth above. *Id.* at Docs. 135, 136. Plaintiffs'
supervised term of release was revoked on September 12, 2017. *Id.* at Docs. 141,
143.

In light of the factual basis for the arrests set forth above, a determination in
this Court regarding whether Defendants Ken BirdRattler and Isia Weber
conducted an warrantless arrest, used excessive force, entered private property
without probable cause, falsely arrested Plaintiffs, and prepared a false incident
report in violation of Plaintiffs' constitutional rights would necessarily imply the
invalidity of the revocation of their supervised release. As those revocations have
not been reversed, declared invalid, expunged, or called into question, Plaintiffs'
claims are barred by *Heck*.

Accordingly, the Court issues the following:

## ORDER

1. Plaintiff Johnny Old Chief shall proceed as the sole plaintiff in Civil
Action No. 18-cv-92-GF-BMM-JTJ. Plaintiff Maynard Old Chief shall be
terminated as a plaintiff in this case.

2. Plaintiff Maynard Old Chief's claims are severed from the claims of
Johnny Old Chief and the Clerk of the Court is directed to:

  a. Open Civil Action No. 18-cv-94-GF-BMM-JTJ for Maynard Old

Chief;

      b.  File and docket in Civil Action No. 18-cv-94-GF-BMM-JTJ a copy of the Complaint and Motion to Proceed in Forma Pauperis (Doc. 1) filed in Civil Action 18-cv-92-GF-BMM-JTJ and Maynard Old Chief's prison trust fund account statement (Doc. 3).

      c.  File and docket a copy of this Order in the Civil Action No. 18-cv-94-GF-BMM-JTJ; and

      d.  Send each Plaintiff a Notice of Case Opening indicating the case number assigned to his own individual action.

      3.  Plaintiffs' Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

      4.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED" and the Complaint is deemed filed in both actions on June 26, 2018.

      5.  At all times during the pendency of this action, Plaintiffs must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of their action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.  These matters should be DISMISSED.

2.  The Clerk of Court should be directed to close both matters and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiffs may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Plaintiffs are being served by mail, they are entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of July, 2018.

_/s/ John Johnston_____
John Johnston
United States Magistrate Judge